

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| SHERMAN HOUSER | : | NO. 08-759 |

FILED
SEP 24 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

### INTRODUCTION

Sherman Houser stands convicted by a jury on June 5, 2009 of conspiracy to commit armed bank robbery, armed bank robbery, and carrying and using, and aiding and abetting the carrying and use of, a firearm during a crime of violence. Mr. Houser timely invokes Federal Rule of Criminal Procedure 29 and seeks acquittal on all charges because, he contends without specificity, the evidence produced by the Government at trial was not sufficient to support the jury's guilty verdict.

On the basis of the whole of the evidence presented to the jury, when viewed in the light most favorable to the Government as required by, for example, United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999), and United States v. Frorup, 963 F.2d 41, 42 (3d Cir. 1992), the Court denies Mr. Houser's motion. There is substantial evidence in the trial record from which any rational trier of fact could have found guilt on all counts beyond a reasonable doubt.

### DISCUSSION

The Government correctly argues that the Court's standard for reviewing a claim of insufficiency of evidence is rigorous and demanding. The trial court is admonished to be "ever

vigilant . . .not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005) (citing United States v. Jannotti, 673 F.2d 578, 581 (3d Cir. 1982)). Moreover, in order to preserve the jury's verdict, "the evidence 'does not need to be inconsistent with every conclusion save that of guilt.'" United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (quoting Gov't of the Virgin Islands v. Williams, 739 F.2d 936, 940 (3d Cir. 1984)).

Here, the jury was presented sufficient evidence to find beyond a reasonable doubt that Mr. Houser was a central figure in the planning and execution of the robbery of the Bank of America branch for which he was convicted. Co-conspirators Rondell Inman and Derrick Hutton both testified that Mr. Houser was involved in these criminal activities, as well as in the subsequent division of the spoils. (6/3/09 N.T. at 95-118; 223-37.) Even Mr. Houser's own tape-recorded conversation with Mr. Inman, while Mr. Inman was in custody, about the robbery was persuasive evidence that Mr. Houser had intimate, first-hand knowledge about the robbery. (6/3/09 N.T. 121-23; 239; Trial Ex. 10). Likewise, the DNA evidence directly connected Mr. Houser to a hat found near the getaway car on the day of the robbery. (6/3/09 N.T. at 171; 176; 192-94; 202-04).

The foregoing evidence - - even if it stood alone, which it does not - - was more than sufficient for the jury to conclude, without guesswork, beyond a reasonable doubt that Mr. Houser was guilty of these charges. Stated simply, nothing about this case compels - - or even permits - - the Court to impinge upon the jury's discretion to accept, reject and assess value to the evidence presented to it. Mr. Houser enjoyed his guarantees of the fundamental protections of due process of law, and the Court will not disturb the jury's verdict in this matter. See Jackson v.

<u>Virginia</u>, 443 U.S. 307, 319 (1979).

Accordingly, for the foregoing reasons the Court will deny Mr. Houser's Rule 29 motion and will reaffirm the validity of the jury's verdict and the Court's Order confirming Mr. Houser's guilt.

BY THE COURT

*/s/ Gene E.K. Pratter*
Gene E. K. Pratter
*United States District Judge*